NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUZAN FALTAS-FOUAD, M.D.,**<br><br>Plaintiff,<br><br>v.<br><br>**ST MARY'S HOSPITAL, PASSAIC, N.J.,**<br>A New Jersey Non-Profit Corporation<br><br>Defendant. | Civ.No. 2:14-5228 (WJM) |
| **EUNISE URENA, As Guardian and Proposed Administratrix of the Estate of Nativad Abreu ,**<br><br>Plaintiff,<br><br>v.<br><br>**PRINCETON INSURANCE COMPANY; ST. MARY'S HOSPITAL, PASSAIC, N.J., et al.,**<br><br>Defendants. | Civ.No. 2:14-06021 (WJM)<br><br><u>Consolidated Cases</u><br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

In this action, Eunise Urena and Dr. Faltas-Fouad (collectively, "Plaintiffs")[1] seek to hold Defendants responsible for providing Dr. Faltas-Fouad with malpractice insurance that would cover costs and liabilities she may incur in a separate medical malpractice action pending in state court.  Plaintiffs originally filed their lawsuits in state court and Defendant St. Mary's Hospital ("St. Mary's") timely removed.  St. Mary's contends that this Court possesses federal bankruptcy jurisdiction under 28 U.S.C. § 1334(b) because the contracts Plaintiffs seek to enforce were rejected in a St. Mary's plan of reorganization that the bankruptcy court confirmed in 2010.  Before the Court are Plaintiffs' motions to remand.  The Court concludes that while Plaintiffs' actions 'relate to' St. Mary's bankruptcy, thereby creating jurisdiction under § 1334(b), they nonetheless must be remanded pursuant to the doctrine of mandatory abstention.  Plaintiffs' motions to remand are therefore **GRANTED**.

**I.     BACKGROUND**

Before the Court are two lawsuits: one was filed by Dr. Faltas-Fouad, the other by Urena.  Dr. Faltas-Fouad is a physician who was formerly employed at St. Mary's, and Urena is the proposed administratrix of the estate of Nativad Abreu ("Abreu").  Abreu passed away after receiving treatment at St. Mary's, which resulted in Urena filing a malpractice action against Dr. Faltas-Fouad that is currently pending in state court (hereinafter, "the Malpractice Action").  In the lawsuits that are before this Court, Plaintiffs seek to hold Defendants St. Mary's and/or Princeton Insurance Company ("Princeton") responsible for indemnifying Dr. Faltas-Fouad should she be found liable in the Malpractice Action.  The following is a summary of the relevant facts.

A.   Dr. Faltas-Fouad and the St. Mary's Bankruptcy

Dr. Faltas-Fouad began working at St. Mary's in 1985.  In 2007, Dr. Faltas-Fouad and St. Mary's entered into a House Physicians Employment Contract (hereinafter, "the Employment Contract").  Under the Employment Contract, St. Mary's was required to maintain physician malpractice insurance that would cover Dr. Faltas-Fouad in her role as a hospital physician.  Pursuant to the Employment Contract, St. Mary's obtained physician malpractice insurance from Princeton.  This insurance policy (hereinafter, "the Policy") was a "claims made" policy, meaning that Dr. Faltas-Fouad would only be insured for an act of malpractice if the claim alleging malpractice was made when the policy was still in effect.  Therefore, if Dr. Faltas-Fouad committed malpractice while covered by the policy, but the claim alleging malpractice was not made until after the policy expired, Dr. Faltas-Fouad would not be insured if she were found liable.

---

[1] The cases were consolidated on October 27, 2014.

In March 2009, St. Mary's filed a petition for Chapter 11 bankruptcy. As part of the first amended plan for reorganization it submitted in December 2009 (hereinafter, "the Plan"), St. Mary's rejected the Employment Contract with Dr. Faltas-Fouad. In February 2010, the bankruptcy court entered "Findings of Fact, Conclusions of Law and Order Confirming the First Amended Plan of Reorganization" (hereinafter, "the Confirmation Order"). Pursuant to the Plan and Confirmation Order, the Employment Contract was rejected as of March 10, 2010, the effective date of the Plan.

Despite rejecting the Employment Contract, St. Mary's retained Dr. Faltas-Fouad as an at-will employee after the bankruptcy court entered the Confirmation Order. Dr. Faltas-Fouad alleges that during this period, she received the same salary and benefits as before the bankruptcy. Moreover, St. Mary's continued to annually renew the Policy and retained Dr. Faltas-Fouad as an additional named insured.

  B. <u>Nativad Abreu Receives Treatment and Dr. Faltas-Fouad Leaves St. Mary's</u>

In March 2011, Dr. Faltas-Fouad treated Nativad Abreu ("Abreu") at St. Mary's. While receiving treatment at St. Mary's, Abreu fell into a coma. In November 2012, Abreu filed the Malpractice Action in state court. Tragically, Abreu passed away in March 2013.

After Abreu fell into a coma but before she filed the Malpractice Action, Dr. Faltas-Fouad ended her employment at St. Mary's, effective December 31, 2011. One day later, St. Mary's renewed the Policy with Princeton, but removed Dr. Faltas-Fouad as a named insured. Plaintiffs allege that St. Mary's declined to purchase "tail coverage" for Dr. Faltas-Fouad, which would have extended the Policy to cover Dr. Faltas-Fouad for a certain period after she left St. Mary's. Plaintiffs further allege that St. Mary's never informed Dr. Faltas-Fouad that she could obtain tail coverage for herself. At some point after Abreu filed the Malpractice Action, Dr. Faltas-Fouad discovered that Defendants did not plan to cover her for Abreu's malpractice claim. Defendants' justification for not covering Dr. Faltas-Fouad was that the Policy was a claims-made policy, and Abreu filed her malpractice action after Dr. Faltas-Fouad was no longer covered.

  C. <u>The Instant Actions</u>

In July 2014, Dr. Faltas-Fouad filed a lawsuit in state court against St. Mary's, alleging that St. Mary's breached the Employment Agreement by failing to provide Dr. Faltas-Fouad with tail-coverage that would have covered her in the Malpractice Action. Shortly thereafter, Urena filed a declaratory judgment action in state court naming St. Mary's, Princeton, and others as Defendants. Count One of the Urena Complaint seeks a declaratory judgment that Princeton violated the Policy and St. Mary's violated the Employment Agreement by failing to provide Dr. Faltas-Fouad with insurance coverage that would cover her for the Malpractice Action. Count Two seeks a declaratory judgment

3

that Urena is a third-party beneficiary of the Employment Agreement. Count Three seeks a declaratory judgment that Princeton must reform the Policy so as to cover Dr. Faltas-Fouad for any costs or damages she may incur in the Malpractice Action.

St. Mary's removed both cases to federal court. Subsequently, Dr. Faltas-Fouad and Urena moved to remand the cases back to state court. Before this Court are Plaintiffs' motions to remand.

## II.     MOTIONS TO REMAND

### A.  The Standard For Jurisdiction Under 28 U.S.C. § 1334(b)

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant…to the district court of the United States…." 28 U.S.C. § 1441(a). 28 U.S.C. § 1334(b) provides that federal district courts shall have original jurisdiction "of all civil proceedings arising under title 11, or arising in or related to cases under title 11." "[A] proceeding is 'related to' a bankruptcy case if 'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *See Stoe v. Flaherty*, 436 F.3d 209, 216 (3d Cir. 2006). More specifically, an action is 'related to' a bankruptcy proceeding "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984).

### B.  This Court Possesses 'Related To' Jurisdiction

The Court concludes that it possesses subject matter jurisdiction under 28 U.S.C. § 1334(b) because the actions are 'related to' a case under title 11. Both Plaintiffs assert, among other things, that St. Mary's is required to indemnify Dr. Faltas-Fouad under the Employment Agreement. If St. Mary's were found liable under such a theory, it would affect St. Mary's by increasing its liabilities and requiring it to honor a contract it had previously rejected under the bankruptcy laws. *See Nuveen Municipal Trust ex rel. Nuveen High Yield Municipal Bond Fund v. Withumsmith Brown, P.C.*, 692 F.3d 283 (3d Cir. 2012) (quoting *Pacor*, 692 F.3d at 984)).

The Court further concludes that there is 'related to' jurisdiction notwithstanding the fact that the Plan was confirmed over four-and-a-half years ago. "[T]hough the scope of bankruptcy court jurisdiction diminishes with plan confirmation, bankruptcy court jurisdiction does not disappear entirely." *In re Resorts Intern., Inc.*, 372 F.3d 154, 165 (3d Cir. 2004). While there is no precise test for determining whether an action can be 'related to' a title 11 case in the post-confirmation context, 'related to' jurisdiction will typically lie where the action affects the "interpretation, implementation, consummation, execution, or administration of the confirmed plan…." *Id.* at 167. Here, that test is met because both

4

lawsuits seek to hold St. Mary's liable for a contract that was rejected during the bankruptcy process. The Court therefore concludes that both Complaints give rise to 'related to' jurisdiction under 28 U.S.C. § 1334(b).

### C. Notwithstanding There Being 'Related to' Jurisdiction, Mandatory Abstention Requires Remand

Even though this case is 'related to' St. Mary's bankruptcy, the Court concludes that it must be remanded pursuant to the doctrine of mandatory abstention. Under the doctrine of mandatory abstention, a lawsuit must be remanded to state court if the following five factors are present:

(1) a timely motion is made;
(2) the proceeding is based upon a state law claim or state law cause of action;
(3) the proceeding is 'related to' a case under title 11, but does not 'arise in' title 11 or 'arise under' title 11;
(4) the action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334; and
(5) an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction

*See* 28 U.S.C. § 1334(c)(2); *In re Donington, Karcher, Salmond, Ronan & Rainone, P.A.*, 194 B.R. 750, 757 (D.N.J. 1996). All of these elements are present here. First, Plaintiffs filed timely motions to remand after Defendants removed the case to federal court. Second, both Complaints are based upon state law causes of action. And as the diversity requirements of 28 U.S.C. § 1332(a) are not met here, the actions could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334. Moreover, Plaintiffs have already commenced actions in state court, and there is no indication that they cannot be timely adjudicated there. While St. Mary's argues that little has transpired at the state court level because it removed the cases shortly after they were filed, it has put forth no facts supporting a conclusion that the actions would be handled more expeditiously here than in state court. To the contrary, the state court is already familiar with some of the parties and underlying facts in this case by virtue of handling the Malpractice Action, which is currently slated to go to trial in the spring. The Court therefore concludes that these actions can be timely adjudicated in state court.

Finally, the Court concludes that these actions are subject to mandatory abstention because they do not 'arise in' title 11 or 'arise under' title 11, *i.e.*, they are not 'core' bankruptcy proceedings. Core bankruptcy proceedings involve only the following: (1) cases 'under' title 11; (2) proceedings 'arising under' title 11; or (3) proceedings "arising in" a case under title 11. Therefore, a case that possesses 'related to' jurisdiction but does not fall within one of those three categories is not a core bankruptcy proceeding. *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 225 (3d Cir. 2005). St. Mary's cannot contend that

these actions are proceedings 'under' title 11 because that category of cases "refers merely to the bankruptcy petition itself." *Id.*

Instead, St. Mary's appears to argue these actions are either proceedings 'arising under' title 11 or ones 'arising in' a case under title 11. However, the Court finds that these actions are neither. First, the Third Circuit has firmly held that a case will 'arise under' title 11 only where the Bankruptcy Code creates the cause of action or provides the substantive right invoked. *Stoe*, 436 F.3d at 216. Here, the Complaints – on their face – do not assert causes of action under the Bankruptcy Code nor do they seek to invoke substantive rights provided for under federal bankruptcy laws. Instead, they seek to vindicate rights that arise exclusively under state law. While St. Mary's may assert a federal defense arguing that the Employment Agreement was rejected under §365(a) of the Bankruptcy Code, that alone is insufficient to create 'arising under' jurisdiction. "The fact that federal bankruptcy law is implicated as a defense to [Plaintiffs'] claim, does not change the fact that [Plaintiffs'] claim itself does not 'arise under' title 11." *Id.* at 217; *see also Rivet v. Regions Bank of Louisiana*, 522 U.S. 470,475 (1998) ("a case may not be removed to federal court on the basis of a federal defense, ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.") A wealth of bankruptcy court decisions further support the premise that 'arising under' jurisdiction is determined by looking at what is alleged in the plaintiff's complaint, not what defenses the defendant may assert down the road. *See e.g.*, *In re Blaylock,* 394 B.R. 359 (Bankr. E.D. Pa. 2008) (tax foreclosure action against debtor did not 'arise under' title 11 despite debtors' intention to raise defense under Bankruptcy Code); *Conseco v. Adams*, 318 B.R. 425 (Bankr. N.D. Ill. 2004) (complaint asserting state law claims did not 'arise under' title 11 even though defendants planned to raise defenses that would require interpretation of debtor's confirmed plan).

The Court similarly concludes that these actions do not 'arise in' a case under title 11. Claims that 'arise in' in a bankruptcy case "are claims that by their nature, not their particular factual circumstance, could only arise in the context of bankruptcy case." *Stoe*, 436 F.3d at 215. Dr. Faltas-Fouad's breach of contract suit and Urena's declaratory judgment action involve claims that "clearly exist outside the context of bankruptcy cases." *Id*. Indeed, it is indisputable that Plaintiffs could have brought these actions even if St. Mary's never filed for bankruptcy. Plaintiffs' actions do not 'arise in' a case under title 11 and are therefore not core bankruptcy proceedings. Because the other requirements for mandatory abstention are met, this case must be remanded to state court.[2]

---

[2] In arguing that Plaintiffs' actions are core proceedings, St. Mary's primarily relies on *DBSI Inc. v. DBSI Republic, LLC*, 409 B.R. 720 (Bankr. D. Del 2009). That case, however, is readily distinguishable from the present dispute. The Plaintiffs in *DBSI, Inc.* filed declaratory judgment actions asking the court to rule on whether certain sublease obligations were affected by a sale approval order issued in a bankruptcy proceeding. Those actions were core because they could not exist absent the sale approval order issued in bankruptcy and involved a plaintiff who sought to invoke rights established in a bankruptcy proceeding. To the contrary, Plaintiffs' complaints

6

### III.     CONCLUSION

For the foregoing reasons, Plaintiffs' motions to remand are **GRANTED**. An appropriate order accompanies this decision.

/s/ William J. Martini<br>
**WILLIAM J. MARTINI, U.S.D.J.**

**Date:  January 20th, 2015**

---

seek to vindicate contractual rights that can exist independently of a title 11 case, making them non-core proceedings.