UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUZAN FALTAS-FOUAD, M.D.,**<br><br>       **Plaintiff,**<br><br>     v.<br><br>**ST MARY'S HOSPITAL, PASSAIC, N.J.,**<br>A New Jersey Non-Profit Corporation<br><br>       **Defendant.** | Civ.No. 2:14-5228 (WJM) |
| **EUNISE URENA, As Guardian and Proposed Administratrix of the Estate of Nativad Abreu ,**<br><br>       **Plaintiff,**<br><br>     v.<br><br>**PRINCETON INSURANCE COMPANY; ST. MARY'S HOSPITAL, PASSAIC, N.J., et al.,**<br><br>       **Defendants.** | Civ.No. 2:14-06021 (WJM)<br><br>Consolidated Cases<br><br>OPINION |

       **THIS MATTER** comes before the Court on (1) Defendant St. Mary's motion for reconsideration of this Court's remand order of January 20, 2015, and (2) Plaintiff Faltas-Fouad's request for fees and expenses.  For the foregoing reasons, both motions are **DENIED**.

## I. Background

Plaintiffs in this case initially filed their complaints against St. Mary's in state court. In August 2014, St. Mary's removed both actions to federal court on the basis of federal question jurisdiction. St. Mary's asserted that federal question jurisdiction existed because Plaintiffs sought to enforce contracts that St. Mary's had rejected in a plan of reorganization that the bankruptcy court confirmed in 2010. Plaintiffs filed timely remand motions, which this Court granted in a January 20, 2015 Opinion and Order. In granting Plaintiffs' remand motions, the Court noted that it possessed "related-to" jurisdiction under the bankruptcy code because the lawsuit could have a conceivable effect on St. Mary's confirmed plan or reorganization. However, the Court concluded that it must remand the cases pursuant to the doctrine of mandatory abstention because (1) the remand motions were timely; (2) the proceedings were based upon state law claims or state law causes of action; (3) the proceedings did not "arise in" title 11 or "arise under" title 11; (4) the action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334; and (5) the actions could be timely adjudicated in state court. St. Mary's now moves for reconsideration of the Court's January 20, 2015 remand order.

## II. Discussion

"An order remanding a case to the State court from which it was removed is not reviewable on appeal *or otherwise*…" 28 U.S.C. § 1447(d) (emphasis added). Moreover, "any decision to abstain [under the doctrine of mandatory abstention] is not reviewable by appeal *or otherwise*…" 28 U.S.C. § 1334(d) (emphasis added). Therefore, a court cannot review its remand order on a motion for reconsideration once a certified copy of the remand order is mailed to state court. *See, e.g., Agnostini v. Piper Aircraft Corp.*, 729 F.3d 350 (3d Cir. 2013) *citing Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 225 (3d Cir. 1995)). Here, the Court mailed a certified copy of the remand order on January 21, 2015, but St. Mary's did not file its motion for reconsideration until February 4, 2015. The Court therefore does not possess jurisdiction to reconsider its remand order. Consequently, St. Mary's motion for reconsideration is **DENIED**.

Plaintiff Faltas-Fouad has requested that this Court award her expenses and attorney's fees she incurred by opposing St. Mary's motion for reconsideration. Faltas-Fouad did not request this relief by way of a formal motion or separate application. Instead, she devoted two sentences to the request in her opposition to the motion for reconsideration. Those short statements provide little in the way of explaining why the Court should grant Faltas-Fouad's relief. Moreover, she did not indicate which statute or rule entitles her to fees and expenses.[1] The Court is therefore uncertain as to what standard

---

[1] For example, Faltas-Fouad does not indicate whether she asserts a right to fees and expenses pursuant to 28 U.S.C. § 1447(d), Fed. R. Civ. P. 11(c)(2), or some other rule or statute.

it would apply when determining whether Faltas-Fouad's request is legitimate.  In short, Faltas-Fouad's claim to fees and expenses is too vague for this Court to meaningfully assess.  Her request for fees and expenses is **DENIED.**

### III.  Conclusion

For the reasons stated above, St. Mary's motion for reconsideration and Faltas-Fouad's request for fees and expenses are both **DENIED**.  An appropriate order accompanies this decision.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date:  March 3, 2015**